**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEPHEN D. KELLEY,** | **CIVIL ACTION NO. ______________** |
| **Plaintiff,** | **JUDGE _________________________** |
| **v.** | |
| **SMITTY'S SUPPLY, INC.,** | **MAGISTRATE JUDGE ____________** |
| **Defendant.** | **JURY TRIAL DEMANDED** |

## COMPLAINT

The complaint of plaintiff, Stephen D. Kelley, a resident of the full age of majority of the County of Ouachita, Arkansas, who respectfully states as follows:

## NATURE OF THE CLAIMS ASSERTED

1.

This is a civil action seeking unpaid wages, bonus payments, stock payments, severance benefits, penalties, and attorney fees, in connection with plaintiff's former employment with defendant, Smitty's Supply, Inc.

## THE PARTIES

2.

Plaintiff is a citizen of Arkansas, and the former Executive Vice-President and Chief Financial Officer of defendant. Made defendant herein is Smitty's Supply, Inc., a corporation organized and existing under the laws of State of Louisiana, with its principal place of business in Roseland, Tangipahoa Parish, Louisiana.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the citizenship of plaintiff and defendant is diverse and the amount in dispute exceeds $75,000, exclusive of costs and attorney fees.

4.

Venue is proper in this judicial district under 28 U.S.C. § 1391, as it is the district in which defendant resides and the district where a substantial part of the events giving rise to these claims occurred.

## FACTS AND CLAIMS

5.

Plaintiff was employed as the Executive Vice President and Chief Financial Officer for Smitty's from February 2014 until May 12, 2016. Plaintiff worked at defendant's headquarters in Roseland, Louisiana.

6.

Prior to his employment with defendant, plaintiff was gainfully employed with Martin Midstream Partners in Arkansas. Defendant sought to entice plaintiff to leave that employment and join defendant. Plaintiff and defendant's owner, Edgar Ray Smith, III ("Smith"), had extensive conversations and negotiations about plaintiff's potential job and compensation.

7.

In February 2014, plaintiff and defendant came to an agreement about plaintiff's compensation. On the same day, defendant requested that plaintiff send him an email summarizing the agreement. A copy of this email is attached as Exhibit A. As set forth in the

agreement, the parties agreed, among other things, to the following terms: a base salary of $500,000 per year; severance pay if plaintiff's employment was later terminated without cause or plaintiff resigned with cause; participation in an incentive plan at 17.5% of the defined bonus pool based on company growth earnings before tax; and participation in future stock incentive plans discussed but not yet formalized. The following day, defendant confirmed its agreement to these terms.

8.

Based on their agreement, plaintiff resigned his employment in Arkansas and moved his family to Louisiana to begin working for defendant.

9.

After only four months on the job, defendant approached plaintiff and requested that he agree to a reduction of his base salary from $500,000 to $200,000 and a reduction of his percentage in the incentive bonus plan from 17.5% to 10%, in exchange for participation in the company's stock plans being formalized. Plaintiff accepted the reductions in exchange for the promise of the stock.

10.

On December 19, 2014, defendant passed a resolution formally adopting the "Smitty's Supply, Inc. Phantom Stock Plan and the Smitty's Supply, Inc. Stock Appreciation Rights Plan." This resolution is attached as Exhibit B.

11.

Thereafter, defendant breached its agreements to provide plaintiff with the stock and to pay plaintiff the salary and incentive pay to which he was entitled.

12.

Plaintiff, as well as other participates in the stock plan continued working for defendant based on defendant's assurances that they were earning their stock under the plan. However, more than a year after adopting the stock plan, the first participant was terminated from her employment. Defendant's President asked plaintiff to calculate the amount of her vested stock. After informing defendant of that value, defendant then sought to impose a five year vesting period as a method of avoiding payment of the stock that had already been earned.

13.

Due to this and other questionable business practices of defendant, plaintiff became concerned about continuing his employment with defendant in general and whether defendant would abide by its agreements to pay plaintiff the stock he had earned and the salary and incentive pay he had been promised.

14.

Consequently, on May 12, 2016, plaintiff resigned his employment for cause. At the time of his resignation, plaintiff was owed substantial amounts of stock, unpaid salary, and unpaid incentive pay. On or about May 25, 2016, plaintiff met with representatives of defendant in an attempt to reach an agreement as to the stock, salary, and incentive pay defendants owed to plaintiff. Plaintiff was also entitled to severance pay in accordance with his original agreement with defendant since he resigned for cause. Despite his amicable demands, defendant refused to pay plaintiff his earned stock, salary, incentive pay, and severance pay.

15.

Defendant violated the terms of its agreements with plaintiff by refusing to pay him his earned stock, salary, incentive pay, and severance pay. Defendant's actions constitute breach of

contract and violations of the Louisiana Wage Payment Statutes, La. R.S. 23:631, *et seq*., entitling plaintiff to all amounts owed to him for unpaid, stock, salary, incentive pay, and severance pay. Plaintiff is also entitled to 90-days penalty wages and attorney fees pursuant to La. R.S. 23:632.

16.

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff requests a trial by jury.

WHEREFORE, plaintiff Stephen D. Kelley prays that after due proceedings, there be judgment in his favor against defendant Smitty's Supply, Inc. for amounts due him under his employment agreements for unpaid wages, severance pay, bonus pay, stock payments, prejudgment and post judgment interest, penalties, attorney fees, and any other relief the Court deems equitable and just.

Respectfully submitted,

PHELPS DUNBAR LLP

By: Thomas H Kiggans

Thomas H. Kiggans, Bar Roll No. 14422, T.A.
Karleen J. Green, Bar Roll No. 25119
Taylor J. Crousillac, Bar Roll No. 37087
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802-5618
Post Office Box 4412
Baton Rouge, Louisiana 70821-4412
Telephone: 225-346-0285
Telecopier: 225-381-9197
Email: Thomas.Kiggans@phelps.com
Karleen.Green@phelps.com
Taylor.Crousillac@phelps.com