# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN D. KELLEY | CIVIL ACTION |
| VERSUS | NO: 17-4711 |
| SMITTY'S SUPPLY, INC. | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion in Limine** of Lindsay Morgan Hegna and Stephen D. Kelley to Exclude Expert Testimony of Timothy Brechtel (Rec. Doc. 44) is **GRANTED**.

Subsequent to the termination of their employment with Smitty's, movants Hegna and Kelly sought, inter alia, to be compensated for amounts they allege they are owed in deferred compensation. In the two separate but related suits, consolidated for discovery, Smitty's has submitted proposed expert reports of two Jones, Walker attorneys, Timothy Brechtel (an executive compensation specialist) and Kelly C. Simoneaux (a corporate, tax, and securities aspects of executive compensation specialist).

Hegna and Kelly filed the instant motion in limine seeking to exclude the reports on the basis that they offer nothing more than impermissible legal opinions. Smitty's opposes, arguing that the experts are necessary to explain technical meanings and effects of terms in the stock plans and/or to explain the meanings within the industry. Attempts by the parties to reach a stipulation as to permissible areas of testimony for the proposed experts were unsuccessful.

## APPLICABLE LAW

With respect to testimony by expert witnesses, Federal Rule of Civil Procedure 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

And, while it is well-settled in this circuit that "[w]hile Federal Rule of Evidence 704 provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue," the Fifth Circuit has "repeatedly held that this rule does not allow an expert to render conclusions of law." Samaratunga Family Tr. v. Am. Tower, Inc., 2018 WL 6592787, at *1 (W.D. Tex. Dec. 13, 2018)(citing Snap-Drape, Inc. v. C.I.R., 98 F.3d 194, 198 (5th Cir. 1996)(other citations omitted). Although "merely being a lawyer does not disqualify one as an expert witness," a lawyer may only testify as an expert where the proposed testimony involves questions of fact. Id., (citing Askanase v. Fatjo, 130 F.3d 657, 672 (5th Cir. 1997)).

Thus, resolution of this motion is straightforward: whether the proposed expert opinions comprise conclusions of law. The court has reviewed the experts' reports and opinions, and concludes that the reports consist largely of conclusions of law, on topics such as contract

interpretation and ERISA. As far as the experts being necessary to interpret the documents, the court finds that the documents are the best evidence of their contents. Accordingly, the Motion in Limine of Lindsay Morgan Hegna and Stephen D. Kelley is GRANTED.

New Orleans, Louisiana, this 23rd day of January, 2019.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**